Ms. Katie Tucker Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32399-0100
Dear Ms. Tucker:
This is in response to a request from Mr. Sam Alexander, then Acting Executive Director, for an opinion regarding the following question:
 Where conveyance is made from a County School Board Foundation, Inc., a not for profit corporation incorporated under the provisions of s. 237.40, F.S., and Ch. 617, F.S., to a district school board, and such conveyance is made under the provisions of s. 237.40, F.S., is such conveyance subject to documentary stamp tax pursuant to ss. 201.01 and 201.02, F.S.?
In summary, I am of the opinion that:
 A purchase and leaseback agreement of a parcel of real property entered into by the County School Board Foundation, Inc., a not for profit corporation, for the exclusive use of the school board pursuant to s. 235.056(3), F.S., falls within the statutory provision of s. 201.24(2), F.S., and is, therefore, exempt from the taxes imposed by Ch. 201, F.S.
Through conversations with your staff, it appears that the conveyance in question is a purchase and leaseback agreement of a parcel of real property entered into by the County School Board Foundation, Inc., a not for profit corporation, for the exclusive use of the school board pursuant to s. 235.056(3), F.S.
The 1988 Legislature amended s. 201.24, F.S., to read as follows:
 Obligations of municipalities, political subdivisions, and agencies of the state. — There shall be exempt from all taxes imposed by this chapter:
* * *
 (2) Any assignment, transfer, or other disposition, or any document, which arises out of a lease or lease-purchase for real property agreement entered pursuant to s. 235.056(3).[1]
The amendment of s. 201.24, F.S., became effective June 17, 1988, and operates retroactively to January 1, 1988.[2] Therefore, I am of the opinion that a purchase and leaseback agreement of a parcel of real property entered into by the County School Board Foundation, Inc., for the exclusive use of the school board pursuant to s. 235.056(3), F.S., falls within the statutory provision of s. 201.24(2), F.S., and is, therefore, exempt from the taxes imposed by Ch. 201, F.S.
Sincerely,
Robert A. Butterworth Attorney General
rab/TJW
[1] Section 2, Ch. 88-119, Laws of Florida.
[2] See, s. 2, Ch. 88-119, supra, stating that "[e]ffective upon this act becoming a law and operating retroactively to January 1, 1988, section 201.24, Florida Statutes, is amended. . . ." Chapter 88-119, F.S., was approved by the Governor and filed in the Office of the Secretary of State on June 17, 1988.